UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDSAY ZERFAS, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>THE BOUQS OPCO, LLC,<br><br>Defendant. | NO.<br><br>DEFENDANT'S NOTICE OF REMOVAL<br><br>DEMAND FOR JURY TRIAL<br><br>*From the Superior Court of the State of Washington, King County, Case No. 25-2-39394-1 SEA* |

**TO:   THE CLERK OF THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant The Bouqs Opco, LLC ("Defendant") removes the above-entitled action to this Court from the Superior Court of the State of Washington, King County, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, AND 1453.

Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff Lindsay Zerfas ("Plaintiff") against Defendant and without conceding that Plaintiff has standing to pursue her claims, and/or that Plaintiff has pleaded any claims upon which relief can be granted.

This removal is based on the following grounds:

DEFENDANT'S NOTICE OF REMOVAL - 1
(Case No. )

MARTINEZ & FARMER LLP
4020 EAST MADISON ST. SUITE 300
SEATTLE, WASHINGTON 98112
206-208-2270

**I.    Timeline of Removal and Procedural History.**

Plaintiff Lindsay Zerfas ("Plaintiff") filed her Class Action Complaint (the "Complaint") against Defendant on or around December 30, 2025 in the Superior Court of the State of Washington, King County, captioned *Lindsay Zerfas v. The Bouqs Opco, LLC*, Case No. 25-2-39394-1 SEA. A copy of the Complaint is attached hereto as **Exhibit A**. Defendant was served with notice of process for the Complaint on December 31, 2025, which is attached as **Exhibit B**.

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings on file with the Superior Court of the State of Washington, King County are attached hereto as **Exhibits A-E**.

**II.    Venue and Jurisdiction.**

Defendant denies that Plaintiff has adequately alleged personal jurisdiction exists in this action, and Defendant does not waive any applicable personal jurisdiction defense.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As stated above, Plaintiff brought this action in Washington Superior Court, County of King. Thus, venue properly lies in the United States District Court for the Western District of Washington. 28 U.S.C. §§ 84(a), 1441(a).

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(d).

**III.    Basis for Removal.**

**A.    Removal is Proper Because this Court has Subject-Matter Jurisdiction Pursuant to 28 U.S.C. § 1332(d).**

The Court has subject-matter jurisdiction over this action, and the action may be removed to this Court, under the Class Action Fairness Act of 2005 ("CAFA").

The Complaint asserts claims for (1) violation of Washington's Commercial Electronic Mail

DEFENDANT'S NOTICE OF REMOVAL - 2
(Case No. )

Act, and (2) violation of the Washington Consumer Protection Act. (*Id.* at ¶¶ 46-71). Plaintiff's claims arise from allegations that Defendant knowingly transmitted dozens of electronic messages that contained false or misleading information in the subject line for purposes of promoting Defendant's product sales. (*Id.* ¶¶ 15-25). Plaintiff alleges that these allegedly false or misleading e-mails regarding Defendant's prices and discounts were knowingly made by Defendant and that, as a result, Plaintiff was harmed. (*Id.* at ¶ 27).

Plaintiff purports to bring this action on behalf of herself and a proposed class consisting of "all Washington residents who received promotional emails from Bouqs with subject lines advertising sales or discounts on Bouqs Products, during the applicable statute of limitations." (*Id.* at ¶¶ 38–45).

Removal under CAFA is proper pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 because (1) the aggregate number of putative class members in the proposed class exceeds 100 putative class members; (2) diversity of citizenship exists between at least one putative class member and the named Defendant in this matter, and (3) the amount in controversy by the Complaint exceeds, in the aggregate, $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453; *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1089–90, 1090 n.2 (9th Cir. 2010). Although Defendant denies Plaintiff's factual allegations and denies that Plaintiff or the class she purports to represent are entitled to the relief requested, all requirements for jurisdiction under CAFA have been met in this case.

### 1.    The Putative Class Has More than 100 Members.

To remove under CAFA, the aggregate number of putative class members in all proposed classes must be greater than 100. 28 U.S.C. § 1332(d)(5)(B); *United Steel*, 602 F.3d at 1090 n.2.

The proposed class consists of "all Washington residents who received promotional emails form Bouqs with the subject lines advertising sales or discounts on Bouqs Products, during the applicable statute of limitations" (Compl. at ¶ 38) and the class is alleged to contain "at least

DEFENDANT'S NOTICE OF REMOVAL - 3
(Case No. )

thousands of Class members[.]" (*Id.* at ¶ 40). Based on the allegations in the Complaint, the aggregate number of members of the alleged class is greater than 100 and this CAFA requirement is met.

### 2.    Minimal Diversity of Citizenship Exists.

To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists—that is, one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A) (providing that under CAFA's minimal diversity requirements, diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant"); *United Steel*, 602 F.3d at 1090–91 (holding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

Defendant is an LLC that was organized under the laws of Delaware and with its principal place of business in California. Defendant is therefore a citizen of Delaware and California.

Defendant has identified at least one putative class member that, as of the date the Complaint was filed, was domiciled in a State other than Delaware or California—Plaintiff herself. (Complaint ¶ 7). Plaintiff pleads that she "is domiciled in Everett, Washington." (*Id.*). Therefore, Plaintiff was a citizen of Washington at the time the Complaint was filed. Accordingly, at least one putative class member is diverse for CAFA minimal diversity jurisdiction purposes. As a result, diversity jurisdiction exists under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

### 3.    The Amount in Controversy Exceeds $5,000,000.[1]

Pursuant to CAFA, the claims of the individual members in a putative class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Because here Plaintiff has not expressly pled a specific amount of damages, Defendant need only show that it is more likely than not that the amount in controversy exceeds $5,000,000. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788-89 (9th Cir.

---

[1] Defendant denies that Plaintiff or members of the putative class are entitled to the damages sought by Plaintiff.

DEFENDANT'S NOTICE OF REMOVAL - 4
(Case No.   )

2018); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). The amount in controversy is determined by reviewing the allegations of the complaint. *See id.* ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.'"). A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" within the removing party's notice of removal. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109–14, at 42 (2005) (citation omitted).

In her Complaint, Plaintiff seeks among other things, (i) the "greater of actual or statutory damages," (ii) "treble damages," (iii) "punitive damages where applicable," (iv) "pre- and post-judgment interest," (v) "reasonable attorneys' fees and costs," (vi) and "the greater of actual damages and statutory damages of $500 per email that violates CEMA[.]" (Compl. at ¶¶ 70, 73, Prayer for Relief). Courts also consider the total amount in controversy to include costs associated with complying with an order for injunctive relief, which Plaintiff also requests in the Complaint. (*Id.* at ¶ 73, Prayer for Relief); *see also Anderson v. Seaworld Parks & Entm't, Inc.*, 132 F.Supp.3d 1156, 1164 (N.D. Cal. 2015).

Plaintiff alleges that Defendant sent dozens of promotional emails to each member of the putative class and that statutory damages should be awarded at $500 per email. Although Defendant denies the allegations in the Complaint and any relief requested by Plaintiff, for purposes of this motion Defendant conservatively estimates each of the more than 1,000 alleged class members received at least 12 promotional emails. Thus, Plaintiff seeks more than $5 million in statutory damages ($500 x 12 emails x 1,000 class members = $6,000,000). Accordingly, the amount in controversy requirement is satisfied.

DEFENDANT'S NOTICE OF REMOVAL - 5
(Case No. )

**IV.    ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.**

Because Plaintiff served Defendant with the Complaint on December 31, 2025 via personal service, the present Notice of Removal is timely under 28 U.S.C. 1446(b) and 1453. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Accordingly, Defendant timely files this Notice of Removal within the statutory period under 28 U.S.C. 1446(b) and 1453. No previous notice of removal has been filed in this Court.

This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. 1446(a).

Defendant will promptly serve this Notice of Removal on all parties and promptly file a copy of this Notice of Removal with the Clerk of the Superior Court, County of King, as required by 28 U.S.C. § 1446(d).

Defendant reserves the right to amend or supplement this Notice of Removal.

Defendant further reserves all rights and defenses, including but not limited to, those available under the Federal Rules of Civil Procedure, including but not limited to those related to lack of personal jurisdiction.

**V.    JURY TRIAL DEMANDED**

Defendant demands a trial by jury of all issues so triable.

**VI.    CONCLUSION**

Based on the foregoing, Defendant requests that this action be removed to this Court. Wherefore, Defendant gives notice that the matter bearing case number 25-2-39394-1 SEA, pending in the Superior Court of the State of Washington, King County, is removed to the United States District Court for the Western District of Washington.

If any question arises as to the propriety of removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its argument that removal is proper.

DEFENDANT'S NOTICE OF REMOVAL - 6
(Case No. )

MARTINEZ & FARMER LLP
4020 EAST MADISON ST. SUITE 300
SEATTLE, WASHINGTON 98112
206-208-2270

Dated:  January 27, 2026

MARTINEZ & FARMER LLP

By: *s/Tyler L. Farmer*
By: *s/Ariel A. Martinez*
    Tyler L. Farmer, WSBA #39912
    Ariel A. Martinez, WSBA #54869
    4020 East Madison St., Suite 300
    Seattle, WA 98112
    Tel:  (206) 208-2270
    Email: tyler@mfseattle.com
    Email: ariel@mfseattle.com

DENTONS US LLP

By: *s/Mark A. Silver*
By: *s/Leanne Sunderland*
    Mark A. Silver (*pro hac vice forthcoming*)
    Leanne Sunderland (*pro hac vice forthcoming*)
    303 Peachtree Rd NE, Suite 5300
    Atlanta, GA 30308
    Telephone (404) 527-4000
    Email: mark.silver@dentons.com
    Email: leanne.sunderland@dentons.com

*Attorneys for Defendant*

DEFENDANT'S NOTICE OF REMOVAL - 7
(Case No. )

MARTINEZ & FARMER LLP
4020 EAST MADISON ST. SUITE 300
SEATTLE, WASHINGTON 98112
206-208-2270

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all attorneys of record via transmission of Notices of Electronic Filing generated by CM/ECF.

Cody Hoesly

BARG SINGER HOESLY, P.C.

121 SW Morrison Street, Suite 600

Portland, Oregon 97204

choesly@bargsinger.com


Jonas B. Jacobson

DOVEL & LUNER, LLP

201 Santa Monica Blvd., Suite 600

Santa Monica, California 90401

jonas@dovel.com


MARTINEZ & FARMER LLP

By: *s/Tyler L. Farmer*
    Tyler L. Farmer, WSBA #39912
    Email: tyler@mfseattle.com

*Attorney for Defendant*

DEFENDANT'S NOTICE OF REMOVAL - 8
(Case No. )