UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNA PHAM, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>  vs.<br><br>THE BOUQS OPCO, LLC,<br><br>    *Defendant*. | Case No. 2:26-cv-00305-KKE<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

**Table of Contents**

I.    Introduction. ...................................................................................................................1

II.   Parties. ..............................................................................................................................1

III.  Jurisdiction and Venue. ................................................................................................2

IV.   Facts. ................................................................................................................................2

    A.    Defendant sends emails with false and misleading subject lines advertising supposed

         discounts on Bouqs Products. ...........................................................................2

    B.    Defendant's emails injure consumers and are materially deceptive. .....................9

V.    Class Action Allegations. ................................................................................................11

VI.   Claims. .............................................................................................................................13

    Count 1: Violations of Washington's Commercial Electronic Mail Act ...........................13

    Count 2: Violations of the Washington Consumer Protection Act ....................................14

VII.  Jury Demand. ..................................................................................................................15

VIII. Prayer for Relief. ............................................................................................................16

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 2:26-cv-00305-KKE

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## I.    Introduction.

1.    Deceptive emails plague consumers' inboxes. The Washington legislature, concerned with deception in emails, enacted the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190, which, among other things, prohibits any person from sending a commercial email with a false or misleading subject line. RCW 19.190.020.

2.    For marketing emails that advertise sales or product discounts, CEMA prohibits subject lines that misrepresent when a purported sale ends and the size of the true discount. *Brown v. Old Navy LLC*, 4 Wn.3d 580 (Wash. 2025).

3.    Defendant The Bouqs OpCo, LLC, formerly known as The Bouqs Company, ("Bouqs") is a flower retailer that markets and delivers flowers, plants, and other items ("Products") to consumers.

4.    Defendant sends commercial emails to Washington residents on its mailing list. These emails frequently contain subject lines that advertise time-limited promotions or discounts on Bouqs Products. For example, "LAST CHANCE: 25% OFF ENDS TONIGHT," "Final hours to upgrade your Bouq—on us ✦," and "FINAL HOURS for savings! ◷." But the sales do not really end when the emails say they will. And the true discounts are not what the emails claim.

5.    These deceptive emails are material to consumers. They drive sales and profits by creating a false sense of urgency to purchase before the sale ends and a false sense of value based on a misleading discount.

6.    Plaintiff is a Washington resident who received Bouqs's deceptive emails. Plaintiff brings this case for herself and other Washington consumers who received Defendant's deceptive emails.

## II.    Parties.

7.    Plaintiff Jenna Pham is domiciled in Vancouver, Washington.

8.    The proposed Class includes citizens of Washington.

9.    Defendant The Bouqs OpCo, LLC, is a Delaware entity with its principal place of business at 475 Washington Blvd., Marina Del Rey, CA 90292.

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 2:26-cv-00305-KKE

1

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

### III.    Jurisdiction and Venue.

10.    This Court has subject matter jurisdiction under the Washington State Constitution, which sets forth the jurisdiction of Washington Superior Courts. This Court also has subject matter jurisdiction under the Consumer Protection Act ("CPA"), RCW 19.86.090, and the Commercial Electronic Mail Act ("CEMA"), RCW 19.190.090, which give Washington Superior Courts jurisdiction over claims brought under the CPA and CEMA.

11.    This Court has personal jurisdiction over Bouqs under RCW 4.28.185. Bouqs transacts business in Washington and the claims giving rise to this action arise from Defendant's transaction of business in this state and also Defendant's purposeful transmission of electronic mail messages to Washington residents. This Court also has personal jurisdiction over Bouqs under RCW 19.86.160 because Bouqs has engaged in conduct in violation of the CPA that has had an impact in Washington.

12.    Venue is proper in King County Superior Court because Bouqs resides here for purposes of venue. RCW 4.12.025. At all relevant times, Bouqs has transacted business in King County, including by selling Products to customers living in King County, advertising Products specific to King County, and by sending electronic mail messages to residents of King County.

### IV.    Facts.

**A.    Defendant sends emails with false and misleading subject lines advertising supposed discounts on Bouqs Products.**

13.    Bouqs markets and sells Bouqs Products.

14.    Bouqs regularly advertises Bouqs Products through marketing emails sent to recipients on its mailing list (including Washington consumers). In those email advertisements, Defendant advertises purported discounts on those Products.

15.    Bouqs's marketing emails have subject lines that are false and misleading in multiple ways.

16.    <u>Deceptive time limits.</u> Bouq's subject lines often convey that the advertised discounts are limited duration and/or will end imminently (e.g. "FINAL HOURS," "LAST CALL!," or "Last chance"). To reasonable consumers, these statements convey that the discounts are only available for a

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 2:26-cv-00305-KKE

2

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

short period, and that if they don't buy during that short period, they will no longer have the opportunity to get the discount and will have to pay the full non-discounted price to obtain the same Products later. This drives sales by motivating consumers to buy before the sale ends. But the opportunity to get a discount does not actually end when the periods advertised in the emails end. Instead, Bouqs regularly extends the sales after the false deadline has expired, or—within days—replaces the sale that ends with a materially similar (or even better) sale. This allows Bouqs to profit from a false sense of urgency.

17.   Deceptive discounts. Bouqs's email subject lines also frequently specify a percentage or dollar off discount (e.g., "25% OFF" or "$20 off") that consumers can obtain by buying during the supposedly time-limited sale. To reasonable consumers, these statements convey that, by buying during the sale, they will obtain the specified percentage or dollar amount off Defendant's regular prices, the ones at which the Products usually retail. But in truth, Defendant offers substantial discounts so frequently that the list prices Defendant advertises are not the prices at which the Products usually retail. Instead, due to Defendant's frequent discounting, the Products usually retail for substantially less than their published list price. This allows Defendant to profit from a false sense of value (consumers' false belief that the Products they are buying are worth more than they truly are).

**Deceptive Time Limits**

18.   Bouqs regularly sends commercial emails to its customers advertising supposedly limited-duration sales. The email subject lines state that the sales "end[] tonight," are available "today only," that it is the "last chance" to obtain the advertised discounts, and so forth. To reasonable consumers, these subject lines convey that if the consumer does not buy during the specified period, the opportunity to obtain a discount will disappear and the consumer will have to pay Defendant's list price. Examples of such emails are set forth in the table below.

| Date | Email Subject Line | Advertised Sale |
|---|---|---|
| 4/2/2025 | Last call for $20 off! ⏳ | $20 off |
| 4/7/2025 | YOU get 20% off today! | 20% off |
| 4/16/2025 | ⏰Tick tock…25% off is almost gone | 25% off |
| 4/22/2025 | PSSST…20% OFF ENDS TONIGHT! | 20% off |

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 2:26-cv-00305-KKE

3

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

| Date | Email Subject Line | Advertised Sale |
|---|---|---|
| 4/24/2025 | Hurry, 25% off ends SOON !! | 25% off |
| 4/25/2025 | 25% off ACTUALLY ends tonight | 25% off |
| 4/27/2025 | FINAL HOURS FOR $15 OFF FLOWERS! | $15 off |
| 5/4/2025 | $20 OFF ENDS TONIGHT! | $20 off |
| 5/8/2025 | 30% off ends TONIGHT! | 30% off |
| 5/21/2025 | ⌛FINAL HOURS: 25% off! | 25% off |
| 5/22/2025 | 25% off is almost gone... | 25% off |
| 5/31/2025 | 💐ENDS TONIGHT: 25% off summer flowers! | 25% off |
| 6/6/2025 | 20% off Peony Week ends TONIGHT!! | 20% off peonies and more |
| 6/6/2025 | ENDS TONIGHT: 20% off for Super Bloom Week | 20% off peonies and more |
| 6/11/2025 | 30% off ends TONIGHT! | 30% off |
| 7/1/2025 | 25% off ends tonight! 🎇 Happy July! | 25% off |
| 7/9/2025 | 📢25% off ends TONIGHT | 25% off |
| 7/9/2025 | 25% off summer blooms is ending! | 25% off |
| 7/11/2025 | SURPRISE! 25% off for one more day! | 25% off |
| 7/16/2025 | Today only: 30% OFF!! | 30% off |
| 7/29/2025 | 20% OFF DISAPPEARS SOON! | 20% off |
| 8/1/2025 | 🎇30% off ends TONIGHT🎇 | 30% off |
| 8/1/2025 | FRI-YAY! 30% OFF—TODAY ONLY! | 30% off |
| 8/4/2025 | 🛒 Your cart is 25% off—two days only! | 25% off |
| 8/5/2025 | ⏰ LAST CHANCE for 25% off! | 25% off |
| 8/5/2025 | Psst…25% off ends TONIGHT😮 | 25% off |
| 8/22/2025 | ☎ Last call for 30% OFF! | 30% off |
| 8/27/2025 | 🌷20% OFF ENDS TONIGHT! | 20% off |
| 9/10/2025 | FINAL CALL: 25% OFF! | 25% off |
| 9/17/2025 | Final hours for 25% savings | 25% off |
| 9/17/2025 | Last chance — 25% off ends tonight | 25% off |
| 10/8/2025 | 🔮 Final hours: 30% off spooky stems + more | 30% off |
| 10/8/2025 | Spooky Season Sale: 30% off (today only!) 😈 | 30% off |
| 10/15/2025 | Final hours to shop 25% off! | 25% off |
| 10/15/2025 | Heads up—25% off ends today! ⌛ | 25% off |
| 11/4/2025 | $20 off birthdays (and more) ends at midnight | $20 off |
| 11/12/2025 | Time's up! 25% off ends at midnight | 25% off |

19.     The subject lines of the emails above—and of other commercial emails Defendant sent to Washington consumers stating that Defendant's sales end tonight, are available today only, and so forth—are false and misleading. These subject lines convey that unless consumers buy during the limited, advertised window, the opportunity to receive a discount will disappear and the consumer will have to pay full price for Defendant's Products. In truth, the opportunity to receive a discount would

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 2:26-cv-00305-KKE

4

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

remain available indefinitely: Defendant's sales are regularly extended or—within days—replaced by materially similar sales entitling consumers to receive materially similar discounts to the ones that were supposedly "ending tonight". This pattern is no accident: Bouqs puts in the misleading time limits, knowing that the sale will not really end when the email says or will quickly be replaced by a materially similar one, because these misleading time limits create a sense of urgency and drive sales.

**Deceptive Discounts**

20.    Defendant's emails are deceptive in a second way: the amount of savings they advertise is false and misleading. As illustrated above, Defendant sends emails that advertise percent- or dollar-off savings. Defendant's emails lead reasonable consumers to believe that, if they buy during the sale, they will get a discount off Defendant's regular prices (the prices most consumers have to pay) in the amount or percentage specified.

21.    In truth, however, Defendant offers discounts of 20-30%, or equivalent dollar-denominated discounts, extremely frequently.[1] This is shown by the table above and further confirmed by the table below.

| Date | Email Subject Line | Advertised Sale |
|---|---|---|
| 3/17/2025 | 20% off flowers to make their day | 20% off first purchase |
| 3/18/2025 | 20% off: What's the occasion? | 20% off |
| 3/19/2025 | Don't forget: you've got 20% off! | 20% off |
| 3/20/2025 | Don't miss 20% off their favorite flowers | 20% off |
| 4/1/2025 | Save $20 on MORE flowers! | $20 off |
| 4/2/2025 | Last call for $20 off! ⏳ | $20 off |
| 4/7/2025 | VIP EXCLUSIVE: 20% OFF! | 20% off |
| 4/7/2025 | YOU get 20% off today! | 20% off |
| 4/14/2025 | ✦JUST IN: 25% off!✦ | 25% off |
| 4/16/2025 | ⏰Tick tock…25% off is almost gone | 25% off |
| 4/16/2025 | You're gonna need 💐—save 25%! | 25% off |
| 4/21/2025 | 20% OFF MOTHER'S DAY FLOWERS! | 20% off |
| 4/22/2025 | Celebrate Earth Day with 20% off fresh flowers 🌍🌿 | 20% off |
| 4/22/2025 | PSSST…20% OFF ENDS TONIGHT! | 20% off |
| 4/23/2025 | 25% OFF FOR THE MOMS WHO DO IT ALL💐💐 | 25% off |
| 4/24/2025 | Hurry, 25% off ends SOON !! | 25% off |
| 4/25/2025 | 25% off ACTUALLY ends tonight | 25% off |

---

[1] Most of Defendant's list prices are under $100; so a $20 discount, for example, would likely translate to savings of at least 20% on a typical order.

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 2:26-cv-00305-KKE

5

| Date | Email Subject Line | Advertised Sale |
|---|---|---|
| 4/25/2025 | EXTENDED!! 25% OFF IS STILL BLOOMING 🌼 | 25% off |
| 4/26/2025 | Weekend vibes: $15 OFF! | $15 off |
| 4/27/2025 | FINAL HOURS FOR $15 OFF FLOWERS! | $15 off |
| 5/1/2025 | 🌸25% OFF MOTHER'S DAY FAVES🌸 | 25% off |
| 5/3/2025 | 🌼$20 OFF TO CELEBRATE MOM🌼 | $20 off |
| 5/3/2025 | Don't let Mom down! $20 off Mother's Day flowers 🌼 | $20 off |
| 5/4/2025 | $20 OFF ENDS TONIGHT! | $20 off |
| 5/5/2025 | 📢IT'S BOUQSDAY: 25% OFF Mother's Day FLOWERS | 25% off |
| 5/5/2025 | MOTHER'S DAY IS THIS WEEK! 25% OFF FLOWERS | 25% off |
| 5/6/2025 | 25% OFF MOTHER'S DAY FLOWERS. GO! | 25% off |
| 5/7/2025 | NOW 30% OFF! Mother's Day is in 4 DAYS! | 30% off |
| 5/8/2025 | ⚠ 40% OFF Mother's Day Roses | 40% off roses; 30% off |
| 5/8/2025 | 30% off ends TONIGHT! | 30% off |
| 5/9/2025 | 20% OFF flowers for Mom? Still possible. | 20% off |
| 5/19/2025 | ⛱🌸 25% OFF SUMMER FLOWERS 🌸⛱ | 25% off |
| 5/21/2025 | ⌛FINAL HOURS: 25% off! | 25% off |
| 5/21/2025 | Save 25% on colorful Bouqs like butter yellow peonies! | 25% off |
| 5/22/2025 | 25% off is almost gone... | 25% off |
| 5/22/2025 | 🌼EXTENDED: 25% OFF SUMMER FLOWERS! | 25% off |
| 5/28/2025 | FOR YOU: $20 OFF SUMMER 🌼 | $20 off |
| 5/28/2025 | ☀Weather forecast: sunshine & $20 off!☀ | $20 off |
| 5/29/2025 | $20 off sunflowers and more! | $20 off |
| 5/30/2025 | SURPRISE! 25% OFF JUST FOR YOU | 25% off |
| 5/30/2025 | Weekend vibes: 🌼 + 25% off | 25% off |
| 5/31/2025 | 🌊ENDS TONIGHT: 25% off summer flowers! | 25% off |
| 6/4/2025 | 20% off Peonies🌸 | 20% off peonies and more |
| 6/4/2025 | Who wants 20% off PEONIES? | 20% off peonies and more |
| 6/5/2025 | 20% off the most unique flowers you'll ever see😊 | 20% off peonies and more |
| 6/6/2025 | 20% off Peony Week ends TONIGHT!! | 20% off peonies and more |
| 6/6/2025 | ENDS TONIGHT: 20% off for Super Bloom Week | 20% off peonies and more |
| 6/9/2025 | 30% off is waiting for you. | 30% off |
| 6/9/2025 | ☀30% OFF NEW SUMMER BOUQS!☀ | 30% off |
| 6/10/2025 | 30% off for Dads, Grads & Baes | 30% off |
| 6/10/2025 | 30% off for upcoming occasions! | 30% off |
| 6/11/2025 | 30% off ends TONIGHT! | 30% off |
| 6/30/2025 | 25% OFF IN FULL BLOOM🖤 | 25% off |
| 6/30/2025 | Bye, June! Hello, 25% off🙌 | 25% off |
| 7/1/2025 | 25% off ends tonight! 🌼 Happy July! | 25% off |
| 7/8/2025 | IT'S PRIME TIME! 25% off for Bouqsday! | 25% off |
| 7/9/2025 | 📢25% off ends TONIGHT | 25% off |

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 2:26-cv-00305-KKE

6

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

| Date | Email Subject Line | Advertised Sale |
|---|---|---|
| 7/9/2025 | 25% off summer blooms is ending! | 25% off |
| 7/10/2025 | 25% off EXTENDED + Summerween | 25% off |
| 7/11/2025 | SURPRISE! 25% off for one more day! | 25% off |
| 7/16/2025 | Today only: 30% OFF!! | 30% off |
| 7/28/2025 | EXCLUSIVE:  YOU get 20% off! | 20% off |
| 7/29/2025 | 20% OFF DISAPPEARS SOON! | 20% off |
| 8/1/2025 | 💐30% off ends TONIGHT💐 | 30% off |
| 8/1/2025 | FRI-YAY! 30% OFF—TODAY ONLY! | 30% off |
| 8/4/2025 | 🛒 Your cart is 25% off—two days only! | 25% off |
| 8/4/2025 | 25% OFF: IT'S BOUQSDAY BABY! | 25% off |
| 8/5/2025 | ⏰ LAST CHANCE for 25% off! | 25% off |
| 8/5/2025 | Psst…25% off ends TONIGHT☺ | 25% off |
| 8/22/2025 | ☎ Last call for 30% OFF! | 30% off |
| 8/22/2025 | Say Hello to 30% Off… | 30% off |
| 8/25/2025 | 20% OFF TO CELEBRATE SUMMER⛱ | 20% off |
| 8/26/2025 | Don't let 20% off slip away with the season… | 20% off |
| 8/27/2025 | 🌻20% OFF ENDS TONIGHT! | 20% off |
| 8/27/2025 | 20% off is YOURS | 20% off |
| 9/8/2025 | 🎊25% OFF FOR BOUQSDAY! | 25% off |
| 9/8/2025 | Sept. moments call for 25% off! | 25% off |
| 9/9/2025 | Psst…25% OFF is waiting! | 25% off |
| 9/10/2025 | FINAL CALL: 25% OFF! | 25% off |
| 9/16/2025 | 25% off our favorite fall Bouqs | 25% off |
| 9/17/2025 | Final hours for 25% savings | 25% off |
| 9/17/2025 | Last chance — 25% off ends tonight | 25% off |
| 10/8/2025 | 👻 Final hours: 30% off spooky stems + more | 30% off |
| 10/8/2025 | Spooky Season Sale: 30% off (today only!) 😲 | 30% off |
| 10/13/2025 | 25% OFF fresh fall blooms is ON! 🚀 | 25% off |
| 10/13/2025 | Peonies are BACK + 25% off | 25% off |
| 10/15/2025 | Final hours to shop 25% off! | 25% off |
| 10/15/2025 | Heads up—25% off ends today! ⌛ | 25% off |
| 10/20/2025 | 25% off Bouqs for every fall vibe 🎃🍃 | 25% off |
| 10/20/2025 | 25% off! Tech troubles can't wilt this deal | 25% off |
| 10/22/2025 | 25% off extended + peonies are calling! | 25% off |
| 11/4/2025 | $20 off birthdays (and more) ends at midnight | $20 off |
| 11/12/2025 | Time's up! 25% off ends at midnight | 25% off |
| 11/24/2025 | 30% off + still time to get 'em for Thanksgiving! | 30% off |

22.    And because Defendant's sales are so frequent, most consumers are in fact paying the supposedly discounted prices, not the advertised list prices to which the discounts are applied. This means that when consumers buy during the advertised sales, they do not actually get the advertised

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 2:26-cv-00305-KKE
7
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

discounts off regular prices (the price most consumers pay). Instead, they get a much smaller discount off the regular price, or no real discount at all.

23. So Defendant's email subject lines promising a specified percentage or dollar discount off its regular prices are false and misleading for this reason, too.

24. Defendant is constantly sending commercial emails to recipients on its mailing list. Plaintiff received multiple emails from Defendant weekly, and sometimes received multiple per day, many of which included false or misleading subject lines regarding Defendant's promotions. For example, on May 2, 2025, Defendant sent a commercial email with the subject line "LAST CHANCE: 25% OFF ENDS TONIGHT" to Plaintiff and other Washington residents.





25. But then on May 5, 2025, Defendant sent two more commercial emails to Plaintiff and other Washington residents with the subject lines "📣 IT'S BOUQSDAY: 25% OFF Mother's Day FLOWERS" and "MOTHER'S DAY IS THIS WEEK! 25% OFF FLOWERS."

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 2:26-cv-00305-KKE

8

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

26. Based on the emails Defendant sent to Plaintiff, Defendant has sent at least thousands of emails to Washington recipients, with similar false or misleading subject lines.

27. Defendant knows, or has reason to know, that it sends its emails containing false and misleading subject lines to Washington residents. Defendant knows where recipients of its emails reside because (i) Defendant has physical addresses associated with recipients' accounts or orders; (ii) Defendant has access to data regarding the recipient including the recipient's state of residence, such as tracking, or (iii) information regarding the residence of the recipient was available to Defendant upon request from the registrant of the internet domain name contained in the recipient's electronic mail address. Additionally, Bouqs has a page on its website specifically targeting customers ordering flowers in the Seattle, Washington area.[2] So Bouqs knows that some of its customers and recipients of its mailing list are Washington residents.

28. Defendant also knows what sales it is offering and what sales it plans to offer in the near future. It knows that, in truth, the opportunity to receive substantial discounts will not end on the advertised end date of its sales; and that it is not really consumers' last or final chance to get the advertised sales. Defendant also knows how frequently it runs discounts and thus knows that consumers are not really getting the advertised discount off Defendant's regular prices (the prices most consumers pay).

**B. Defendant's emails injure consumers and are materially deceptive.**

29. Defendant's false and misleading emails result in actual and substantial injury to Plaintiff. It violates Plaintiff's statutory right not to receive commercial emails that contain false or misleading

---

[2] https://bouqs.com/local/seattle-wa.

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 2:26-cv-00305-KKE

9

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

subject lines, which the legislature has deemed to be a "matter[] vitally affecting the public interest." RCW 19.190.030(3). Violation of a right that vitally affects the public interest results in actual and substantial harm to Plaintiff and putative Class members.

30. Defendant's emails containing false and misleading information also clog up inboxes, waste limited data space, and violate Plaintiff's and putative Class members' statutory right to be free from deceptive commercial emails.

31. Bouqs's deceptive email subject lines are also material to reasonable consumers.

32. Consumers care about receiving discounts. Receiving a good deal—a discount—is important to consumers, and material to a consumer's purchasing decisions about the Products.

33. Discounts drive purchases. Consumers are more likely to buy a product when they think they are getting a good deal. They are also willing to pay more for products, if they believe the product is worth more than they are paying for and that they are getting a substantial discount.

34. Research confirms that discounts are important to consumers. "Nearly two-thirds of consumers surveyed admitted that a promotion or a coupon often closes the deal, if they are wavering or are undecided on making a purchase."[3] And, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[4]

---

[3] Invesp, How Discounts Affect Online Consumer Buying Behavior (https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/).

[4] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (https://www.prnewswire.com/news-releases/retailmenot-survey-deals-and-promotional-offers-drive-incremental-purchases-online-especially-among-millennial-buyers-300635775.html).

FIRST AMENDED CLASS ACTION COMPLAINT          10
Case No. 2:26-cv-00305-KKE

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

35. Similarly, when consumers believe that an offer is expiring soon, the sense of urgency makes them more likely to buy a product.[5]

36. When a reasonable consumer sees Bouqs's emails saying that the discount will end imminently, they expect that if they miss the sale, the discount will not be available again soon. Consumers do not expect that the sale will be extended or that a materially similar (or better) sale will quickly replace it. This creates a false sense of urgency to buy that drives sales and profits.

37. Similarly, when a reasonable consumer sees a substantial discount (e.g. "25% off"), they believe they are getting a discount off Defendant's regular prices. They do not expect that the supposedly discounted price is really the regular price that most people pay. This misleading sense of value drives sales and profits.

38. This is why Defendant sends these emails. Defendant intends to deceive consumers into believing that its discounts are limited time and into believing that consumers are getting a substantial discount off Defendant's regular and former prices. Defendant's emails make Washington consumers more likely to open the emails, read the emails, buy the Products quickly, and be willing to pay more for the Products. This increases demand, drives sales, allows Defendant to sell more Products than it otherwise could, and allows Defendant to charge more than it otherwise could.

39. Plaintiff was not, and putative Class members are not, aware that Defendant's email subject lines are false and misleading. Reasonable consumers are not deceptive discount detectives (nor should they have to be). Reasonable consumers are not monitoring Defendant's emails and website and tracking its discounts to determine whether Defendant is deceiving them about its sales.

**V.    Class Action Allegations.**

40. Plaintiff brings the asserted claims on behalf of the proposed Class of:

- all Washington residents who received promotional emails from Bouqs with subject lines

---

[5] CXL, Creating Urgency, (https://cxl.com/blog/creating-urgency/) (last accessed November 16, 2025) (increasing urgency by advertising limited time nature of promotion increased conversion rates nearly 300%); Adestra, Dynamic email content leads to 400% increase in conversions for Black Friday email (https://uplandsoftware.com/adestra/resources/success-story/dynamic-email-content-leads-to-400-increase-in-conversions-for-black-friday-email/) (400% higher conversation rate for ad that increased urgency via countdown timer).

FIRST AMENDED CLASS ACTION COMPLAINT     11
Case No. 2:26-cv-00305-KKE

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

advertising sales or discounts on Bouqs Products, during the applicable statute of limitations.

41.    The following people are excluded from the proposed Class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

**Numerosity**

42.    The proposed Class contains members so numerous that separate joinder of each member of the Class is impractical. There are at least thousands of Class members in Washington.

43.    Class members can be identified through Defendant's electronic mailing lists and public notice.

**Predominance of Common Questions**

44.    There are questions of law and fact common to the proposed Class. Common questions of law and fact include, without limitation:

(1) whether Defendant's email subject lines regarding its discounts are false or misleading;

(2) whether Defendant's email subject lines violate CEMA;

(3) whether Defendant's email subject lines violate the CPA;

(4) the greater of actual damages and statutory damages due to Plaintiff and the proposed Class.

**Typicality & Adequacy**

45.    Like members of the proposed Class, Plaintiff received emails from Defendant that contained false or misleading subject lines regarding Defendant's discounts.

46.    There are no conflicts of interest between Plaintiff and the Class.

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 2:26-cv-00305-KKE

12

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

***Superiority***

47.    A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

## VI.    Claims.

### Count 1: Violations of Washington's Commercial Electronic Mail Act

### (By Plaintiff and the Class)

48.    Plaintiff incorporates the facts alleged above.

49.    Plaintiff brings this cause of action on behalf of herself and members of the Class.

50.    Bouqs is a "person" under CEMA. RCW 19.190.010(11).

51.    As alleged in detail above, Bouqs violated CEMA by initiating the transmission of commercial electronic mail messages that contained false or misleading information in the subject line to Plaintiff's and Class members' electronic mail addresses.

52.    Defendant sent these emails to Plaintiff and Class members for the purpose of promoting Bouqs's Products for sale.

53.    Defendant knew or had reason to know that it transmitted such emails to email addresses held by Washington residents, including Plaintiff.

54.    Defendant's acts and omissions violated RCW 19.190.020(1)(b).

55.    Defendant's acts and omissions injured Plaintiff and Class members.

56.    The balance of equities favors the entry of permanent injunctive relief against Defendant. Plaintiff, the members of the Class, and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Defendant. A permanent injunction against Defendant is in the public interest. Defendant's unlawful behavior is ongoing as of the date of the filing of this pleading, so without the entry of a permanent injunction, Defendant's unlawful behavior will not cease and, in the unlikely event that it voluntarily ceases, is likely to reoccur.

FIRST AMENDED CLASS ACTION COMPLAINT    13
Case No. 2:26-cv-00305-KKE

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

57.     Plaintiff and Class members are therefore entitled to injunctive relief in the form of an order enjoining further violations of RCW 19.190.020(1)(b).

## Count 2: Violations of the Washington Consumer Protection Act

### (By Plaintiff and the Class)

58.     Plaintiff incorporates the facts alleged above.

59.     Plaintiff brings this cause of action on behalf of herself and members of the Class.

60.     Plaintiff and Class members are "persons" within the meaning of the CPA. RCW 19.86.010(1).

61.     As alleged in detail above, Defendant violated CEMA by initiating the transmission of commercial electronic mail messages to Plaintiff and Class members that contained false or misleading information in the subject line.

62.     A violation of CEMA is a per se violation of the CPA. RCW 19.190.030(1)(b).

63.     A violation of CEMA establishes all elements of the CPA as a matter of law.

64.     As alleged in detail above, Defendant's transmission of commercial electronic mail messages to Plaintiff and Class members that contained false or misleading information in the subject line also violates the CPA because it constitutes unfair or deceptive practices that occur in trade or commerce.

Unfair Acts or Practices

65.     As alleged in detail above, Defendant committed "unfair" acts by falsely stating in email subject lines that it was offering a discount off the regular prices of its Products, and that the discount was time-limited, when this was not accurate.

66.     The harm to Plaintiff and the Class greatly outweighs the public utility of Defendant's conduct. There is no public utility to misrepresenting whether Products are discounted and misrepresenting the duration of sales. Plaintiff's and the Class's injury was not outweighed by any countervailing benefits to consumers or competition. Misleading consumers only injures healthy competition and harms consumers.

FIRST AMENDED CLASS ACTION COMPLAINT    14
Case No. 2:26-cv-00305-KKE

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

Deceptive Acts or Practices

67.    As alleged in detail above, Defendant's representations in email subject lines that its Products were on sale for a limited time and that the customers could receive the advertised discounts only in that limited time are deceptive.

68.    Defendant's representations were likely to deceive, and did deceive, Plaintiff and other reasonable recipients. Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

69.    Defendant's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.030(3); RCW 19.190.100.

70.    Defendant's acts and omissions caused injury to Plaintiff and Class members. In addition, violations of CEMA establish the injury and causation elements of a CPA claim as a matter of law.

71.    Under the CPA, "[p]rivate rights of action may … be maintained for recovery of actual damages, costs, and a reasonable attorney's fee. A private plaintiff may be eligible for treble damages," and "may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction) (internal citations omitted); RCW 19.86.090.

72.    Under the CPA, Plaintiff and Class members are entitled to seek, and do seek, the greater of actual damages and statutory damages of $500 per email that violates CEMA. In addition, Plaintiff and Class members seek treble damages, which are permitted under the CPA, including for CEMA violations. Plaintiff seeks treble damages to further Plaintiff's and Class members' financial rehabilitation, encourage citizens to bring CPA actions, deter Defendant and other persons from committing CEMA violations, and punish Defendant for its false and misleading advertising practices.

73.    Plaintiff and Class members are also entitled to, and seek, injunctive relief prohibiting Defendant's further violations of the CPA.

**VII.    Jury Demand.**

74.    Plaintiff demands the right to a jury trial on all claims so triable.

FIRST AMENDED CLASS ACTION COMPLAINT    15
Case No. 2:26-cv-00305-KKE

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## VIII.   Prayer for Relief.

75.   Plaintiff seeks the following relief for herself and the proposed Class:

- An order certifying the asserted claims, or issues raised, as a class action;

- A judgment in favor of Plaintiff and the proposed Class;

- The greater of actual or statutory damages, treble damages, and punitive damages where applicable;

- Pre- and post-judgment interest;

- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;

- Reasonable attorneys' fees and costs, as allowed by law;

- Any additional relief that the Court deems reasonable and just.

Dated: April 29, 2025

Respectfully submitted,

By: */s/  Simon Franzini*
Cody Hoesly (WSBA #41190)
choesly@bargsinger.com
BARG SINGER HOESLY PC
121 SW Morrison St., Ste. 600
Portland, OR 97204
Ph. (503) 241-3311

Simon Franzini (WSBA #63689)
Simon@dovel.com
Jonas B. Jacobson (WSBA #62890)
jonas@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Counsel for Plaintiff*

FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 2:26-cv-00305-KKE

16

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066